**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------x

ROBERT GROSZ and CHAYA GROSZ,      :
on behalf of plaintiffs and the class       :
members described below,                  :
                                                        :
                            Plaintiffs,        :
                                                        :       Case No: 17-cv-3166
          vs.                                         :
                                                        :
CAVALRY PORTFOLIO                       :
SERVICES, LLC,                                :
                                                        :
                            Defendant.        :
----------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiffs bring this action to secure redress for the unlawful collection practices of defendant, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to

enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§1331 (general federal question), and 1337 (interstate commerce), and 15 U.S.C. §1692k (FDCPA).

8.      Personal jurisdiction and venue are proper because defendant's conduct concerns collection activities directed at plaintiff and others within the state of New York.

## PARTIES

9.      Plaintiffs Robert and Chaya Grosz are husband and wife and residents of Nassau County.

10.      Defendant Cavalry Portfolio Services, LLC is a limited liability company chartered under Delaware law with principal offices at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595.  It also has offices at 4500 S.129th E. Avenue, Suite 165, Tulsa, OK 74134; 1611 County Rd. B West, Suite 306, Roseville, MN 55113; and 4050 East Cotton Center Blvd., Phoenix, AZ 85040.  Its registered agent and office is CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

11.      Cavalry Portfolio Services, LLC is a collection agency, using the mails and telephones to collect delinquent debts owed to others.  Cavalry states on its web site (http://www.cavalryportfolioservices.com/aboutus.aspx) that "Founded in 2002, Cavalry is a leader in the acquisition and management of non-performing consumer loan portfolios."

12.      Cavalry Portfolio Services, LLC is a debt collector as defined in the FDCPA.

## FACTS

13.      On or about October 19, 2016, the following message was left on plaintiffs' voicemail: "My name is Shelly Warnack (phonetic) and I'm attempting to locate C. Grosz. If

you have any information that would help me locate C, please return my call at 888-229-6009 extension 31668. Thank (cuts off)."

14.    The telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e.  *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Belin v. Litton Loan Servicing, LP*, 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

15.    On information and belief, the message was a standardized message regularly used by Cavalry Portfolio Services, LLC.

16.    On information and belief, Cavalry Portfolio Services, LLC, had the address and telephone number of Chaya Grosz.

17.    When plaintiff Robert Grosz returned the call, he heard a recorded message beginning, "This call may be monitored and recorded.  Thank you for calling Cavalry Portfolio Services," and providing instructions on how to reach a representative.

18.    On information and belief, the recorded message played when Mr. Grosz returned the call is a standardized message regularly used by Cavalry Portfolio Services, LLC.

19.    Neither the message left nor the message heard when Mr. Grosz returned the call contained the statement required by 15 U.S.C. §1692e(11), which defines as a deceptive practice:

>**The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

20.    The message also violated 15 U.S.C. §1692d, which defines as harassment "(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."  "Meaningful disclosure of the caller's identity"

includes the name of the debt collection company. *Joseph v. J. J. MacIntyre Cos, supra.,* 281 F.Supp.2d at 1163 n. 3 (N.D.Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc., supra*, 387 F.Supp.2d at 1112 (C.D.Cal. 2005); *Rhodes v. National Collection Systems, Inc.,* 15cv2049, 2016 WL 6472112, *3 (D.Colo., Oct. 31, 2016) (report and recommendation); *Barshay v. Specified Credit Associates I, Inc.,* 15cv1044, 2016 WL 3578993, *3 (E.D.N.Y., June 3, 2016), report and recommendation, adopted, 2016 WL 3582058 (E.D.N.Y., June 28, 2016).

21.    The message left, coupled with the message heard when Mr. Grosz returned the call, also did not comply with the restrictions placed by the FDCPA on calls to locate a consumer.  15 U.S.C. §1692b provides:

**§ 1692b. Acquisition of location information**

**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**

**(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and,** ***only if expressly requested, identify his employer;***

**(2) not state that such consumer owes any debt;**

**(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

**(4) not communicate by post card;**

**(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector.** (Emphasis added)

22.    Since anyone who returns the call hears a message identifying the "employer," Cavalry Portfolio Services, LLC, the message does not satisfy the requirements of §1692b.

23.    As a result, plaintiffs spent time and money dealing with a debt collector that they

did not wish to deal with.

24.     On information and belief, Cavalry Portfolio Services, LLC was attempting to collect a credit card debt for personal, family or household purposes and not for business purposes.

## COUNT I – FDCPA

25.     Plaintiff incorporates paragraphs 1-24.

26.     Cavalry Portfolio Services, LLC engaged in unfair, harassing, and deceptive practices, in violation of 15 U.S.C. §§1692d(6), 1692e and 1692e(11), by placing calls which

        a.     Did not state the name of the company calling,

        b.     Did not contain the warning required by §1692e(11)

        c.     Asked the recipient to return a call to a number answered with "Cavalry Portfolio Services."

## CLASS ALLEGATIONS

27.     Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

28.     The class consists of (a) all natural persons (b) left messages by Cavalry Portfolio Services, LLC which (i) did not state the name of the company calling, (ii) did not contain the warning required by §1692e(11), or (iii) asked the recipient to return a call to a number answered with "Cavalry Portfolio Services," (c) which were made on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

29.     On information and belief, the class is  so numerous that joinder of all members is not practicable.

30.     There are questions of law and fact common to the class members, which common  questions predominate over any questions relating to individual class members.  The predominant common questions are:

        a.     Whether Cavalry Portfolio Services, LLC has a practice of leaving

messages in the format complained of;

    b.    Whether such messages violate the FDCPA.

31.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

32.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

33.    A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights;

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

    i.    Statutory damages;

    ii.    Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other and further relief as the Court deems proper.

s/Tiffany N. Hardy
Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ PC
70 East Sunrise Highway, Suite 500
Valley, Stream NY 11581
(516) 374-2118

6

(516) 544-8878 (FAX)

T:\33384\Pleading\Complaint_Pleading.WPD

## <u>NOTICE OF ASSIGNMENT</u>

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


<u>s/Tiffany N. Hardy</u>
Tiffany N. Hardy


Tiffany N. Hardy (EDNY Bar ID #TH0933)
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ PC
70 East Sunrise Highway, Suite 500
Valley, Stream NY 11581
(516) 374-2118
(516) 544-8878 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that each defendant take affirmative steps to preserve all recordings,  data, documents, and all other tangible things that relate to plaintiff, the events described herein,  any third party associated with any telephone call, campaign, account, sale or file associated with  plaintiff, and any account or number or symbol relating to them. These materials are likely very  relevant to the litigation of this claim. If defendant is aware of any third party that has  possession, custody, or control of any such materials, plaintiff demands that defendant request  that such third party also take steps to preserve the materials. This demand shall not narrow the  scope of any independent document preservation duties of the defendant.

s/Tiffany N. Hardy
Tiffany N. Hardy

9